IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN DARIEL VALADEZ | § | |
| | § | |
| vs. | § | C.A. No. 5:22-cv-16 |
| | § | |
| THE GEO GROUP, INC. | § | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Juan Dariel Valadez (previously identified as Juan Daniel Valadez), hereinafter referred to as Plaintiff, complaining of The GEO Group, Inc., hereinafter referred to as Defendant or GEO Group, and for cause of action your Plaintiff would respectfully show and represent unto the Court as follows:

### A. PARTIES

1. Plaintiff is a resident citizen of Webb County, Texas.

2. Defendant, The GEO Group, Inc., is a foreign for-profit corporation authorized to do business in the State of Texas and has been served and answered herein.

### B. JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) at this time because Plaintiff and Defendant are and were residents/citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### C. VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in Webb

County, Texas, in the Southern District of Texas.

### D. **FACTS**

5.     It has become necessary for your Plaintiff to file this lawsuit to recover compensatory damages for personal injuries sustained on or about March 11, 2020, at GEO Group's business commonly referred to as "Rio Grande Detention Center" located at 1001 San Rio Blvd., Laredo, Texas 78046. At the time and on the occasion in question, your Plaintiff was a detainee at the housing unit.  Therefore, your Plaintiff was an invitee of GEO Group at the time and on the occasion in question. At all relevant times, the premises in question was owned, operated, controlled and/or maintained by GEO Group, and GEO Group had a duty, including a non-delegable duty, to use ordinary care in maintaining the premises in a safe condition by inspecting the premises and making it safe against any known or knowable defects or by giving warning of any such defects.

6.     At the time and on the occasion in question, Plaintiff encountered a defect in the premises in the form of a wet/slippery substance on the premises floor that was a dangerous hazard. As a result of this defect, Plaintiff slipped and fell causing the injuries and damages that make the basis of this lawsuit. The presence of the defect on the floor and the absence or insufficiency of warnings or mats on the floor in this area constituted an unreasonable risk of harm of which the GEO Group, its agents, servants and/or employees, acting within the course and scope of their employment either created, knew of or, in the alternative, should have known of. The Defendant, its agents, servants and/or employees acting within the course and scope of their employment failed to correct the defect on the floor; failed to warn of same; failed to guard against same on the floor; failed to have an employee or other representative stationed in, located in or otherwise in or

near the area in which the incident made the basis of this lawsuit occurred such that said person could properly watch and inspect the floor for conditions such as what Plaintiff encountered at the time of the incident in question; failed to provide the reasonable care to protect detainees and others from the known and unusually high risk accompanying their use of the floor in the area where this incident occurred; failed to properly inspect the area; failed to maintain the premises in a safe condition; and otherwise failed to exercise reasonable care in their course of conduct and mode of operation for the safety of the Plaintiff and other persons. Thus, GEO Group, through their employees, agents and/or representatives, all acting within the course and scope of their employment and/or in furtherance of the business affairs of said Defendant, were negligent and failed to exercise reasonable care to reduce or eliminate the risk of harm which proximately caused the incident in question and injuries and damages to Plaintiff.

## E. DAMAGES

7.      As a result of the acts and/or omissions of negligence of the Defendant referenced above, your Plaintiff, Juan Dariel Valadez, alleges that he sustained physical injuries and damages from which he now suffers and, in all probability, will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future. Plaintiff sues for these damages in an amount within the minimum jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00.

8.      The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

9.      Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein and that upon final hearing Plaintiff does have and recover of, from and against the Defendant for his compensatory damages, pre-judgment and post-judgment interest, costs of Court, trial by jury and for such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
*E-Service Email: firm@h-kfirm.com


BY:   /s/ John D. Woods, Jr.
        RYAN KING, Attorney in Charge
        SBN 24073263, FBN 1114926
        JOHN D. WOODS, JR.
        SBN 24067950, FBN 1070930
        Attorneys for Plaintiff

*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.

<u>CERTIFICATE OF SERVICE</u>

  Pursuant to Fed. R. Civ. Proc., Rule 5, I certify that on this the 3rd day of October, 2023, a true and correct copy of the foregoing First Amended Complaint was forwarded to all counsel of record by electronic transmission as follows:

Mr. Shawn Fitzpatrick, Fitzpatrick & Kosanovich, PC, P. O. Box 831121, San Antonio, TX 78283

           <u>/s/  John D. Woods, Jr.</u>
            John D. Woods, Jr.